

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BARRY GLENN THUNDER,<br><br>Petitioner,<br><br>vs.<br><br>DOUGLAS WEBER, DARIN YOUNG, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 19-94-M-KLD<br><br>ORDER DISMISSING PETITION |

Barry Glenn Thunder, a state prisoner proceeding pro se, filed a petition seeking a writ of habeas corpus under 28 U.S.C. §2254. The State responded to Thunder's petition. (Doc. 12.) On September 4, 2019, following the parties' consent, notice was given that the undersigned is to conduct all further proceedings in this matter. (Doc. 17.) For the reasons discussed herein, Thunder's petition will be dismissed.

I.   **Motion to Appoint Counsel**

Thunder has filed a second motion for appointment of counsel. (Doc. 16.) Thunder's prior motion was denied and he was advised his case was not so

1

complex that due process would be offended absent the presence of counsel and that an evidentiary hearing had not been ordered. See, (Doc. 9 at 1), citing, *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993), *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (per curiam)), and Rule 8(c), Rules Governing § 2254 Cases. Additionally, Thunder was advised that the interests of justice did not require appointment of counsel and that the Court was awaiting the Respondents' answer. *Id.* at 1-2, citing 18 U.S.C. § 3006A(a)(2)(B). The answer has now been filed. There is nothing in the interim that has materially altered the procedural posture of Thunder's case or this Court's prior analysis regarding the appointment of counsel. Accordingly, Thunder's motion will be denied.

## II. Procedural History

Following a 2008 jury trial in Sioux Falls, Minnehaha County, South Dakota, Thunder was convicted of Rape and four counts of Possession of Child Pornography. See, (Doc. 2 at 3, ¶ 3.) In February of 2009, Thunder received a 60-year prison sentence. *Id.* at 3, ¶ 4.

On direct appeal Thunder raised a Fourth Amendment challenge to the warrantless viewing of videos stored on a cell phone that he had possessed. The videos were subsequently introduced into evidence at trial. The Minnesota Circuit Court affirmed Thunder's conviction, finding the trial court properly denied his suppression motion. See, *State v. Thunder*, 2010 SD 3, 777 N.W. 2d 373, (Doc.

2

12-1.)

Pursuant to an Interstate Compact Agreement in 2009, Thunder was transferred to Montana State Prison (MSP). Thunder presently remains in custody at MSP serving his Minnesota state sentence. See, (Doc. 12-3); see also, (Doc. 12 at 3, ¶ 4.) Thunder has no Montana state convictions. (Doc. 12 at 4, ¶ 6.)

During his incarceration at MSP, Thunder unsuccessfully sought federal habeas relief in the United States District Court of South Dakota on three separate occasions. See e.g., (Doc. 12-4), *Thunder v. Weber*, CV-14-4122-LLP, Pet. (filed Aug. 5, 2014);[1] *Thunder v. Young et al*, CV-15-4120-LLP, Pet. (filed July 7, 2015);[2] *Thunder v. Weber*, CV-18-4054-LLP, Pet. (filed May 15, 2018).[3] In each of the petitions, Thunder challenged the 2008 underlying judgment of conviction and the 60-year sentence he received. See, Pet. filed in Cause No. CV-14-4122 (Doc. 12-7); Pet. filed in Cause No. CV-15-4120 (Doc. 12-8); and, Pet. filed in Cause No. CV-18-4054 (Doc. 12-9.)

In the instant petition, Thunder again attempts to challenge the Minnesota judgment of conviction and sentence. He asserts: (1) the sentence he received violates the Eighth Amendment because it is grossly disproportionate to the crimes

---

[1] Respondents' motion to dismiss was granted on November 21, 2014. See, (Doc. 12-4 at 2, Dkt. # 11.)
[2] The petition dismissed for failure to state a claim on July 13, 2016. See, (Doc. 12-5 at 4, Dkt. #32.)
[3] The petition was denied on June 4, 2018. See, (Doc. 12-6 at 2, Dkt. # 7.)

committed, and (2) the evidence presented at trial was insufficient to support the jury's verdict. See, (Doc. 2 at 4, ¶13(A); 5 at ¶13(B)).

**III. Analysis**

Respondents assert this Court should dismiss Thunder's petition because he has filed in the improper venue and, alternatively, because he has filed an unauthorized second or successive petition. (Doc. 12 at 9-11.) The Respondents' position is well-taken; Thunder's petition will be dismissed.

**i. Venue**

The appropriate venue for a habeas corpus petition challenging a conviction or sentence is the district court for the district where the judgment was entered, given the accessibility of evidence, records, and witnesses. See, *Hernandez v. Campbell*, 204 F. 3d 861, 864 (9th Cir. 2000)(citing *Brown v. United States*, 610 F. 2d 672, 677 (9th Cir. 1980)). When the petition challenges the manner in which a sentence is being executed, the district of confinement is the preferable forum. *Allen v. State of Or.*, 153 F. 3d 1046, 1050 (9th Cir. 1998)(citing *Dunne v. Henman*, 875 F. 2d 244, 249 (9th Cir. 1989)).

As set forth above, while Thunder is incarcerated at MSP, his petition does not challenge the execution of his sentence, rather he challenges the underlying conviction and the sentence he received. Accordingly, venue does not lie with this Court but is proper in the United States District Court for the Southern District of

4

South Dakota. Thus, Thunder's petition should be brought, if at all, in the Southern District of South Dakota.

Section 2241 provides that, rather than dismissing an improperly filed action, a district court, "in the exercise of its discretion and in furtherance of justice, may transfer" the petition to another federal district for hearing and determination. See, 28 U.S.C. § 2241(d); see also 28 U.S.C. 1404(a) (court may transfer any civil action "to any other district or division where it might have been brought" for convenience of the parties or "in the interest of justice"). As discussed below, however, it does not appear that a transfer is appropriate in the present case.

### ii. Successive Petition

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to the instant petition because Thunder filed it after AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA generally prohibits successive petitions:

> AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications. If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless if falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. The other is for certain claims relying on new rules of constitutional law.

5

*Tyler v. Cain*, 533 U.S. 656, 661-62 (2001).

As set forth above, Thunder has already challenged his 2008 judgment of conviction and 60-year sentence in prior federal proceedings in South Dakota; accordingly, his petition is successive. See, *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam) (petition challenging "the same custody imposed by the same judgment of a state court" is successive). Thunder must therefore obtain permission from the Eighth Circuit Court of Appeals before he may proceed further. 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.") Even if Thunder qualifies for one of the outlined exceptions to the bar on successive petitions, he still must seek authorization to maintain his successive petition. See, 28 U.S.C. § 2244(b)(3); see also, *Woods v. Carey*, 525 F. 3d 886, 888 (9th Cir. 2008). Until Thunder obtains the requisite authorization, no federal district court has jurisdiction to entertain his petition. *Burton,* 549 U.S. at 149.

Under ordinary circumstances, a transfer to South Dakota, the proper venue, would be appropriate. But, because the petition at hand is an unauthorized successive petition, the interests of justice are not met by such a transfer. Should he wish to proceed, Thunder must secure the appropriate authorization from the

6

appropriate Circuit court.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability will be denied because there is no doubt Thunder has filed in the improper venue. Additionally, the petition is an unauthorized successive petition and this Court lacks jurisdiction. Thus, there is no basis to encourage further proceedings at this time.

Based on the foregoing, **IT IS ORDERED**:

    Thunder's second motion to appoint counsel (Doc. 16) is **DENIED**.

    Thunder's petition is **DISMISSED** without prejudice.

    The Clerk of Court is directed to enter by separate document a judgment of dismissal.

8

A certificate of appealability is **DENIED**.

DATED this 5th day of September, 2019.

*Kathleen L. DeSoto*
United States Magistrate Judge